ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JOANNA HULL (Cal. Bar No. 227153)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone:  (213) 894-6585
    Fax:        (213) 894-7819
    Email:     joanna.hull@usdoj.gov

Attorneys for Plaintiff Hilda L. Solis, Secretary of Labor

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>LOCAL 501, INTERNATIONAL<br>UNION OF OPERATING<br>ENGINEERS,<br><br>    Defendant. | No. CV<br>**CV11-08397** PDP(VBVx)<br><br>**COMPLAINT**<br><br>[For violation of Title IV of the Labor<br>Management Reporting and Disclosure<br>Act of 1959, 29 U.S.C. § 481] |

Plaintiff, Hilda L. Solis, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.    This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the August 26, 2010 election of union officers conducted by Local 501, International Union of Operating Engineers ("Defendant") for the offices of Business Manager/Recording-Corresponding Secretary, President, Vice-President,

Financial Secretary, Treasurer, Trustee, one Auditor position, and Executive Board Member at Large 2, is void, and directing Defendant to conduct a new election for these offices, under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.      Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).  29 U.S.C. § 482(b) provides that the Secretary of Labor shall bring an action in the federal district court in which the labor organization maintains its principal office.  Local 501, International Union of Operating Engineers, maintains its principal office in Los Angeles, California, Los Angeles County.

## PARTIES

4.      Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association residing within Los Angeles, California, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6.      Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7.      Defendant, purporting to act pursuant to its Bylaws and the International Union of Operating Engineers ("International") Constitution, conducted an election of officers on August 26, 2010, and this election was subject to the provisions of Title IV of the Act.  29 U.S.C. §§ 481-484.

8. Complainants, Sal Tardibuono, by letter dated September 8, 2010; Finn

2

1  Pette, by letters dated September 9, 2010 and September 22, 2010; Patrick Adams, by

2  letter dated September 10, 2010; Jack Pena, by undated letter received on September

3  10, 2010; Daniel Himmelberg, by letter mailed on September 13, 2010; Pat Williams,

4  by letter dated September 14, 2010; Rick Alcala, by letter dated September 20, 2010;

5  Katy Lingo, by undated letter sent on or about September 20, 2010; Erik Smith, by

6  letter dated September 21, 2010; Henry Aguilar, Randy Pearson, and Glen Szalay, by

7  letters received on September 23, 2010; and Jay Brophy, by letter dated September

8  24, 2010, protested the election of officers held on

9  August 26, 2010.  All complainants were members in good standing of Defendant.

10      9.  The Defendant's Executive Board denied the complainants' protests by

11  letters dated November 11, 2010.

12      10. Complainants, Sal Tardibuono, by letter dated November 29, 2010; Finn

13  Pette, by letter dated November 15, 2010; Patrick Adams, by letter dated November

14  19, 2010; Jack Pena, by letter dated November 15, 2010; Daniel Himmelberg, by

15  letter dated November 16, 2010; Pat Williams, by letter dated November 20, 2010;

16  Rick Alcala, by letter dated November 24, 2010; Katy Lingo, by letter dated

17  December 6, 2010; Erik Smith, by letter dated November 16, 2010; Henry Aguilar,

18  by letter dated November 15, 2010; Randy Pearson by letter dated November 15,

19  2010; Glen Szalay, by letter dated November 19, 2010; and Jay Brophy, by letter

20  dated November 22, 2010, appealed the decision of the Defendant's Executive Board

21  to the International's General President and General Executive Board.

22      11.  Having invoked the remedies available under Defendant's Bylaws and the

23  International's Constitution without having received a final decision within three

24  calendar months after their invocation, Complainants, Sal Tardibuono, by letter

25  received on January 5, 2011; Finn Pette, by letter received on December 13, 2010;

26  Patrick Adams, by letter received on December 13, 2010; Jack Pena, by letter

27  received on December 17, 2010; Daniel Himmelberg, by letter received on December

28

14, 2010; Pat Williams, by letter received on January 6, 2011, Rick Alcala, by email received on January 7, 2011; Katy Lingo, by letter received on January 9, 2011; Erik Smith, by letter received on December 29, 2010; Henry Aguilar, by letter received on December 21, 2010; Randy Pearson, by letter received on December 29, 2010; Glen Szalay, by letter received on January 6, 2011; and Jay Brophy, by letter received on January 12, 2011, filed their timely complaints with the Secretary of Labor, respectively, within the one calendar month as required under section 402(a)(2) of the LMRDA, 29 U.S.C. § 482(a)(2).

12.   In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to October 11, 2011.

13.   Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaints and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act, 29 U.S.C. §§ 481-484, had occurred in the conduct of the Defendant's August 26, 2010 election and (2) that such violations had not been remedied at the time of the institution of this action.

## FIRST CAUSE OF ACTION

14. On July 6, 2010, Defendant disqualified complainants Finn Pette and Daniel Himmelberg from running for the offices of Business Manager/Recording-Corresponding Secretary and Financial Secretary, respectively, on the ground that they had been found guilty of misappropriating and converting assets of Local 501 to their personal use.

15.   The finding relied on by the Defendant to disqualify Pette and Himmelberg was imposed by the International union on April 15, 2010.

16.   Section 101(a)(5) of the Act, 29 U.S.C. § 411(a)(5), requires that union members subject to discipline be served with specific charges and afforded a full and

4

fair hearing.

17.  The International union failed to comply with section 101(a)(5) of the Act, 29 U.S.C. § 411(a)(5), because the notice informed both Pette and Himmelberg that if Local 501 has not received payment in full by April 13, 2010, the trial on the charges against them would proceed.  The money was repaid, but the International imposed conditions not specified in the notice to reject the validity of the payments and proceeded to trial without any further notice that the trial would take place, effectively denying Pette and Himmelberg of notice of the trial.

18.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), by disqualifying Pette and Himmelberg from running for union office based on discipline that did not comport with the requirements of Section 101(a)(5) of the Act, 29 U.S.C. § 411(a)(5).

## SECOND CAUSE OF ACTION

19.  Defendant adopted a ballot for the August 26, 2010 election that listed separately the slates of candidates running together and offered voters the option of checking one box to vote for the entire slate.

20.  Defendant adopted a rule that a slate of candidates must be comprised of at least 10 candidates in order to be listed as a slate on the ballot.

21.  There were 19 candidates who sought nomination to run as the Resistance Slate and the Defendant disqualified 11 of these candidates, including Pette and Himmelberg.

22. Defendant did not permit the Resistance Slate candidates to be listed on the ballot as a slate and instead listed them as independent candidates.

23.  Defendant's adoption of the 10 candidate minimum and refusal to permit the Resistance Slate to run on the ballot as a slate violated section 401(c) of the Act, 29 U.S.C. § 481(c), which requires a union to provide adequate safeguards to insure a fair election.

5

## THIRD CAUSE OF ACTION

24.  The ballot adopted by the Defendant contained an error in the instruction for voting for the three Auditor positions, which stated "vote for four (3)" candidates, which caused certain members to vote for four candidates when they were only permitted to vote for three.

25.  Defendant's error violated section 401(c) of the Act, 29 U.S.C. § 481(c), by failing to provide adequate safeguards to insure a fair election.

26.  The above described violations of sections 401(c) and 401(e) of the Act, 29 U.S.C. §§ 481(c) and 481(e), may have affected the outcome of the Defendant's election for the offices of Business Manager/Recording-Corresponding Secretary, President, Vice-President, Financial Secretary, Treasurer, Trustee, one Auditor position, and Executive Board Member at Large 2.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of Business Manager/Recording-Corresponding Secretary, President, Vice-President, Financial Secretary, Treasurer, Trustee, one Auditor position, and Executive Board Member at Large 2 to be void;

(b) directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

DATED: October 11, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

JOANNA HULL
Assistant United States Attorney
Attorneys for Plaintiff Hilda L. Solis,
Secretary of Labor,
United States Department of Labor

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

LAWRENCE BREWSTER
Regional Solicitor

BRENDA J. STOVALL
Attorney

U.S. Department of Labor

7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 8397 DDP  (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| HILDA L. SOLIS,  Secretary of Labor, United States Department of Labor, | ) |
| *Plaintiff* | ) |
| v. | ) |
| LOCAL  501, INTERNATIONAL UNION OF OPERATING ENGINEERS | ) |
| *Defendant* | ) |

Civil Action No.

CV11-08397 DDP(VBKx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Local 501, International Union of Operating Engineers
Attn: Chris Brown, Business Manager
2405 West 3rd Street
Los Angeles, CA 90057

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Joanna Hull, Assistant United States Attorney
United States Attorney's Office
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:      10/11/2011

_____
*Signature of Clerk or Deputy Clerk*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
HILDA L. SOLIS, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

**DEFENDANTS**
LOCAL 501, INTERNATIONAL UNION OF OPERATING ENGINEERS

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ANDRÉ BIROTTE JR., United States Attorney
LEON W. WEIDMAN, AUSA, Chief, Civil Division
JOANNA HULL, AUSA, CSBN 227153
300 NORTH LOS ANGELES STREET, SUITE 7516, LOS ANGELES, CA 90012
EMAIL: joanna.hull@usdoj.gov, (213) 894-6585; fax (213) 894-7819

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 481

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☑ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV11-08397

**FOR OFFICE USE ONLY:** Case Number:_____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____  Date  October 11, 2011

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |